## COLLINS V. JENNINGS ET AL.

1. **Former Adjudication**: MORTGAGE: FORECLOSURE. Where the grantee of land maintained an action to quiet his title, under a promise from his grantor that he would reimburse him for his expenses, and the title was adjudged in the Supreme Court to be in the grantee, and the latter subsequently commenced a partition proceeding against one of the defendants in the former action, which resulted in a portion of the land in controversy being set apart to the defendant therein: *Held*, that the former adjudication might have been pleaded to defeat the latter action, and that the plaintiff, having voluntarily commenced it, could not plead the partition as a defense to an action to foreclose a mortgage executed for the purchase price of the land.

2. ———: ———: TENDER. An offer by the mortgagor to pay the amount of the note if the mortgagee would perfect the title, after he had himself undertaken to maintain an action to quiet the title at the expense of the mortgagee, will not avail as a tender.

3. **Assignment:** LIEN: ATTORNEY. Where an attorney, having commenced an action of foreclosure which is subsequently discontinued, assigns the note and mortgage for his fees, his assignee can recover no more thereupon than his sevices were reasonably worth, and his lien is limited to that amount.

4. **Former Adjudication:** GARNISHMENT. An order in a garnishment proceeding, by which the garnishee is directed to deliver certain property of defendant in his possession to the sheriff to be sold, from the proceeds of which sale the garnishee is to be paid a sum named in the order, is not an adjudication that the indebtedness of defendant to garnishee is the amount fixed by the order, no issue having been made as to the correctness of the amount.

*Appeal from Montgomery District Court.*

THURSDAY, MARCH 23.

ACTION in chancery to foreclose a mortgage. There was a decree granting the relief prayed for by plaintiff, from which defendants appeal. The facts of the case appear in the opinion.

*Mayne & McPherson*, for appellants.

In equity an offer and a willingness coupled with the ability to pay the money are all that are necessary where at law an absolute, unconditional tender of the money would be required.

(*Haywood v. Munger*, 14 Iowa, 522.)    Where a deed is necessary to be tendered by the terms of the contract before the purchase money can be recovered, it has been held that the deed need not be brought into court. (*Rutherford v. Haven*, 11 Iowa, 587.)   If the grantor has the deed in readiness and is willing to deliver it upon payment of the purchase money, this is sufficient. (*Mix v. Beach*, 46 Ill., 311; *St. Paul Division v. Brown*, 9 Minn., 157; *Owen v. Frink*, 24 Cal., 171.)

*W. S. Strawn* and *Stuart Brothers*, for appellee.

The adverse title must have been hostilely asserted. (*Brant v. Foster*, 6 Iowa, 298.)   By voluntarily yielding to the adverse title, defendant took upon himself the burden of proving that the title to which he yielded was paramount to that of his grantor, and if he fails to do this he cannot recover. (*Allen v. Pegram*, 16 Iowa, 163; *Nosler v. Hunt*, 18 Id., 212; Rawle on Cov., 656-8, 664; *St. John v. Palmer*, 5 Hill, 595.)   If the title to only a portion of the lands has failed then the grantee can only recover the relative value of such portion. (*Morris v. Phelps*, '5 Johns., 56; *Leland v. Stone*, 10 Mass., 463; *Brant v. Foster*, *supra*.)   To entitle the grantee to recover expenses paid in defending the title he must show that the title failed, that he first requested the grantor to defend and that the amount paid was reasonable. (3 Pars. on Con., 5 ed., 228; *Yocum v. Thomas*, 15 Iowa, 67.)

BECK, J.—The mortgage in suit was given to secure a promissory note executed for a part of the purchase money of the same land covered by it.   The land was conveyed by a deed of warranty from the mortgagee, the plaintiff, to Jennings, the mortgagor, one of the defendants, who, in his answer, sets up that the title to part of the land has wholly failed, and in an action of partition four and one-half acres were set apart to one holding an adverse title to an undivided interest in a portion of the property.   He also claims that he is entitled to certain credits upon the note for cash paid thereon, $700, and for certain sums amounting to $91.75, paid for costs and attorney's fees incurred in quieting the title to a part of the land in

a proceeding against certain parties claiming an undivided interest therein. The plaintiff, it is alleged, agreed in writing to pay the expenses of the proceeding. The defendant, also, sets up that at the maturity of the note he offered to pay the amount due thereon, and tendered the same on condition that plaintiff would perfect the title, and he has ever since been ready and willing to pay the amount due on the same condition.

I. The District Court allowed defendant the credits claimed by him above named, and deducted the amount thereof, $791.75, from the note. We do not understand plaintiff makes any objection thereto in this court. The matter so far as this credit is concerned demands no particular attention. We are now to examine the other defenses set up by the mortgagor.

II. We are of the opinion that the defendant is entitled to no relief on account of the alleged outstanding title of the party to whom a part of the land was set off in the partition proceeding. This party was a minor and was made a defendant in the action to quiet the title to the land prosecuted by Jennings in the District Court, the expenses of which plaintiff agreed to pay, and they are deducted as a credit from the note by the decree of the court below. The abstract before us shows that a decree was entered in this case against all of the defendants, including the minor, quieting the title in Jennings and barring the claim of all the defendants to the land in question. There is nothing in the abstract impeaching the validity of this decree, and it does not appear that in any proceeding it was reversed or set aside. It must be regarded as a valid adjudication settling the rights of the parties and confirming the title to the land in Jennings. Subsequently, Jennings commenced a partition proceeding in the Circuit Court against the same minor whose rights to the land were cut off in the decree, alleging that the two were tenants in common of the identical lands which were the subject of the action wherein the title thereto was quieted in him as above stated. The minor in the last action appeared by a guardian *ad litem*, and set up title to an undivided interest in the land. There appears to have been no

1. FORMER adjudication: mortgage: foreclosure.

contract between the parties, and the interest claimed by the minor was allowed, and four and one-half acres were set off to him.

It is very plain that the adjudications in these two cases are in conflict, and it is equally plain that the last was with the consent and procurement of Jennings. Had the partition suit been prosecuted by the minor, the decree in the first case, if pleaded, would have defeated recovery. In that case Jennings could not have offered in this action any excuse for not setting up the decree quieting the title in him as a defense to the partition action. Being plaintiff in that suit, he is as effectually estopped from offering any excuse in this action for prosecuting it, and thus voluntarily surrendering a part of the land. For the same reasons he cannot, as he claims, charge plaintiff with expenses paid by him in the prosecution of the partition proceedings. Surely there is no principle of law or equity that will permit him in this manner to defeat the rights of plaintiff, against whom the proceeding plainly appears to be an actual if not an intentional fraud. So plain a matter demands no further notice.

III. Jennings' defense of tender is utterly unsupported by the evidence. The tender which he relies on was on con-
2. ——: ——. dition that plaintiff should perfect the title to the
tender.            land, and was made after the decree above referred to, quieting the title in him. He could not impose any such a condition to his tender after he had undertaken to prosecute proceedings to quiet the title, the expenses of which plaintiff had agreed to pay, and had recovered a decree therein. He was bound to regard the decree procured by himself as sufficient. If defective for any reason it was not plaintiff's fault, and he should not be held answerable therefor. It may be observed that the evidence fails to show anything more than an *offer* to pay, and is not sufficient to establish a tender.

IV. The defendant, McPherson, is in possession of the note and mortgage, and claims to hold it under a lien acquired in the
3. ASSIGN-       following manner: Plaintiff brought a suit to fore-
MENT : lien:
attorney.        close the mortgage, which was discontinued. His attorney, Cooper, retained the note and mortgage, claiming a

lien thereon for $100, his fees accruing in the case. These fees being unpaid, he sold the securities to defendant, McPherson, who now claims, as assignee, the amount due Cooper, and a lien on the note and mortgage for the same. We do not understand that he claims title to the instruments. We are of the opinion that the evidence clearly shows Cooper's services to have been worth no more than twenty-five dollars, the amount allowed by the decree of the court below. McPherson, as assignee, can recover no more than they were worth.

But he insists that the matter was adjudicated in an action brought by one Kelley against the plaintiff, wherein Jennings 4. FORMER ad- and Cooper were garnished. By the judgment in judication: garnishment the garnishment proceedings, Cooper was required to deliver the note to the sheriff to be sold, and of the proceeds he was to be paid one hundred dollars. The judgment in the action against the plaintiff in this suit was paid by him, and no disposition of the note and mortgage was made under the order in the garnishment proceeding. That order is not in the nature of an adjudication between plaintiff and Cooper. It is not shown that they inter-pleaded, and that an issue as to the amount or existence of Cooper's lien was made and tried in the case. Plaintiff is not, therefore, bound by the order. Had the order been enforced and plaintiff remained silent, it might have been different. McPherson purchased the claim of Cooper with full notice that plaintiff denied it to the extent claimed, and would contest it. He cannot, and does not claim that he was induced to make the purchase by plaintiff's silence.

The plaintiff admits that, through mistake, the decree was rendered for a sum fifty dollars in excess of the true amount due, and consents to the proper correction of the mistake in this court. The correction will be made and a decree for the amount due plaintiff will be entered here.

MODIFIED AND AFFIRMED.