R. M. CHURCH, *et al.*, v. JOHNSON BROTHERS, *et al.*
CITIZENS STATE BANK, Appellant.

**Estoppel.** A Dakota bank can not take the benefits of having land lying in Dakota sold for it, and urge that banks are prohibited by the laws of that state from dealing in land.

EVIDENCE authorizes verdict that deal was with the bank instead of its individual owners.

*Appeal from Lyon District Court.*—HON. SCOTT M. LADD, Judge.

MONDAY, JANUARY 28, 1895.

Action to recover commission on sale of lands. Judgment for plaintiffs, and the defendant bank appealed.—*Affirmed.*

*J. M. Parsons* for appellants.

*McMillan & Dunlap* for appellees.

Granger, J.—H. W., Edwin S., and Frank H. Johnson are brothers, and constitute the firm of Johnson

Bros., doing business as real estate dealers at Armour, S. D. They are also the owners of the Citizens' State Bank at that place, which bank, with the firm and individual members thereof, constitute the defendants. The plaintiffs aver that they made a contract with the defendant bank, whereby they "were to receive from said bank fifty cents per acre as a commission for all lands sold to customers furnished by plaintiffs, or to customers that were induced by plaintiffs to go to South Dakota to purchase lands controlled by defendants." They further say that for customers so furnished the defendant bank is indebted to them in the sum of eight hundred and fifty dollars. The defendants other than the bank made no appearance, and no issue as to them is involved in the trial. The only issue on the appeal is as to the bank being a party to the contract. H. W. Johnson is president of the bank, and E. S. Johnson is its secretary, and plaintiffs aver that they, on behalf of the bank, made the contract. The claim of the bank is that the contract was with the firm of Johnson Bros., and that the bank had no interest therein. Appellant's contention is that the District Court erred in refusing an instruction to the effect that the evidence failed to show a contract with the bank, and it is insisted that there is no evidence to support the finding of the jury against the bank. Much of the evidence consists of letters written by Johnson Bros. to plaintiffs, and both parties place reliance thereon; that of appellant being upon the fact that they are not signed with the name of the bank, and that of appellees that the letters are on bank letter heads, showing Johnson Bros., or the members of the firm, to be the owners of the bank, and that the business was that of the bank. A somewhat singular fact is that the bank is in a situation to claim with equal consistency that it is or is not a party to the transaction. The business was done in

the bank, by or through the officers of the bank, when the parties or customers were at Armour, and the correspondence was from the bank, and in a way, we think, to give the impression that it was on the responsibility of the bank, and really on its behalf. To set out the letter heads would be of no use, and it is sufficient to say that we think any person dealing as did the plaintiffs would understand that he was dealing with the bank. By the laws of South Dakota the defendant bank is prohibited from dealing in real estate, and much importance is attached to that fact by appellant. The legal effect of such prohibition we are not to consider. The court told the jury of the claim of appellant in regard to that fact, and that such was the law of that state. It, however, told the jury that, notwithstanding that fact, if the bank made such a contract, and availed itself of the benefit of the sales made in pursuance of it, it was estopped to deny its authority to enter into such a contract. The correctness of this instruction is not questioned, and it must stand as the law of the case. It is not a case in which we can interfere with the findings of the jury, and the judgment is *affirmed.*