STECKEL & SON, Appellants, v. S. S. STANDLEY.

**Mortgages:** TACKING. A valid claim not secured by a mortgage at the time of a purchase of real property cannot be tacked to the mortgage debt and made a lien upon the property by the purchase of the mortgage after the title to the property has vested in the purchaser although the latter retains a portion of the purchase price on account of the claim, not because it was conceded to be due but as security against liability therefor.

**Foreclosures:** ATTORNEY'S FEES. A mortgage providing that it shall secure, in addition to the principal debt, all sums in any way to become due, including attorney's fees, does not include sums due for services of a stranger in trying to obtain an extension of the mortgage, where he is unsuccessful.

SAME. Nor does it secure a stranger performing services, as against a purchaser of the land, though the stranger afterwards acquires the mortgage.

DEFENSES: *Waiver* The fact that a purchaser withholds a portion of the price claimed by the mortgagee, as security against the claim does not prevent him from disputing the validity of the claim.

PLEADING.  An allowance for rent collected by a mortgagee as agent for the mortgagor is properly allowed to the latter's transferee in an action to foreclose the mortgage where he does not seek by way of counterclaim to recover for the rent but alleges that the claim therefor was assigned to him and asks to have it adjudicated in the action.

Appeal:  AMENDED ABSTRACT.  Where an amendment curing a defect in an abstract is filed within a reasonable time after the defect was pointed out, and appellee argues the case on the merits, the amendment will not be stricken as being filed too late, and as being a surprise to appellee.

TENDER.  A tender to a mortgagee of the amount due on the mortgage is kept good although no money was paid to the clerk of the district court in pursuance thereof because the latter preferred a certificate of deposit, where the money was at all times subject to his order and under his control.

*Waiver.*  A mortgagee waives his right to insist that the money owing on the mortgage be produced where the owner of the property subject to the mortgage offered to pay the amount due and could have produced it within a few minutes and offered to do so but was assured by the former that the money would not be accepted unless his alleged claim was paid in full.

*Appeal from Davis District Court.*—HON. M. A. ROBERTS, Judge.

THURSDAY, DECEMBER 15, 1898.

ACTION in equity to recover the amount due on a promissory note and other demands, and for the foreclosure of a mortgage.  There was a hearing on the merits, and a decree from which the plaintiff appeals.—*Affirmed.*

*Payne & Sowers* and *Amos Steckel* for appellant.

*H. C. Traverse* and *H. C. Taylor* for appellee.

ROBINSON, J.—The record discloses the following facts: In March, 1888, one Stephenson owned a farm in Davis county, and in that month executed thereon a mortgage to Mary E. McChesney to secure the payment of a promissory note for one thousand dollars, which matured January 1, 1893,. In October, 1891, the farm was purchased by Charles

B. Parkinson; and in March, 1892, he executed a mortgage thereon to Amos Steckel, as trustee, to secure the payment of a promissory note of Parkinson to Barbara Steckel for one thousand one hundred dollars, which became due February 1, 1895. In February, 1894, Parkinson conveyed the farm to C. J. Butterfield; in March, 1894, Butterfield conveyed it to Frank L. Carr; and in December of the same year Carr conveyed it to Carrie Widney. Each of the conveyances was a warranty deed, and provided that the grantee therein named assumed the payment of the mortgages specified. On the ninth day of February, 1895, Carrie Widney and her husband conveyed the farm to the defendant, by a deed which contained a general covenant of warranty, excepting as to the two mortgages, interest, and taxes; but the deed did not provide that the defendant should pay the incumbrances specified. In January, 1893, the McChesney loan was extended to January 1, 1896. In the latter part of the year 1894 and the first part of the year 1895 there were negotiations between the plaintiff and Widney, the husband and agent of Carrie Widney, for an extension of the two loans, and for a new loan of four hundred dollars or five hundred dollars, but the extension and new loan were not made. On the eighth day of February, 1895, the plaintiff, a co-partnership composed of Amos and W. J. Steckel, furnished to Widney a statement of account, which, with explanations, shows that the plaintiff had collected rents from the farm for the year 1894 to the amount of one hundred and twenty-one dollars and twelve cents, and that it claimed, for interest it had paid, for an amount due by reason of a sale for taxes, for certain expenses incurred, and for services alleged to have been rendered, sums to the amount of five hundred and six dollars and eighty-six cents, including an item of one hundred and five dollars for the extension of the loans. When the defendant purchased the farm, on the next day, he offered to pay the amount of the two loans, and the full amount claimed by the plaintiff, after deducting there-

from the sums of one hundred and twenty-one dollars and twelve cents and one hundred and five dollars, but the offer was refused. The defendant has since paid the McChesney mortgage, and redeemed the land from the tax sale made to the plaintiff. The plaintiff is now the owner of the Steckel note and mortgage, and brought this action to recover the amount due on the land, and for various sums for the payment of which it insists that the farm is liable. The defendant claims to have made a valid tender of one thousand three hundred and eighty dollars and seventy-four cents, as the amount due the plaintiff, for which the farm is liable, and has delivered to the clerk of the district court a certificate of deposit for that amount. The district court found that the tender was good, and sufficient to pay the plaintiff the full amount for which it had a lien on the farm, and rendered a decree of foreclosure, in harmony with the finding. It deducted from the recovery allowed the item for one hundred and five dollars, and also excluded the one hundred and twenty-one dollars and twelve cents for rent.

I. The appellee has filed a motion to affirm the decree or dismiss the appeal on the ground that the abstract shows that only the evidence "offered and introduced," and not that offered but not received, was made of record by the certificate of the trial judge. After that motion was served, the appellant filed an amendment to its abstract and transcript which cures the defect pointed out by the motion. But the appellee has filed a motion to strike the amendment from the files on the ground that it was filed too late, and is a surprise to the appellee. The appellee argued the case on its merits, without in any manner pointing out the defect. The amendment was filed within a reasonable time after the defect was called to the attention of the appellant, and should, we think, be permitted to remain on file. Both motions are therefore overruled.

II. The plaintiff does not seek a personal judgment against the defendant, but only to enforce its claim against

the farm, and urges in this court, as against the decree of
the district court, that it is entitled to one hundred and five
dollars as commissions for services rendered to procure an
extension of the loan for Widney, that the one hundred and
twenty-one dollars and twelve cents should not have been
deducted from the amount of its recovery, and that the tender
made by the defendant was not sufficient. The mortgage in
suit provides that it "shall stand and be security to grantee
or his beneficiaries from the grantors, or either of them, their
vendees or assigns, or from future purchasers, for all addi-
tional sums that shall in any manner become due the grantee
or beneficiaries, whether due on note, account, advances made,
or otherwise, and for all attorney's fees incurred in the
enforcement of any such claim." The appellant contends
that this provision gives it security on the land for the one
hundred and five dollar item in controversy. There
are at least two answers to that claim: (1) The
extension of time for which the compensation is
claimed was never obtained, and, although it is shown that
the plaintiff performed some service to secure an extension,
the evidence does not show a completed agreement to procure
an extension, nor that Widney was to be liable for any charge,
unless the extension should be granted. (2) When the
defendant purchased the farm the plaintiff did not own the
mortgage, and its claim was personal to itself, and did not
belong to the owner of the mortgage. The claim was not
secured by the mortgage when the defendant purchased the
farm, and, even if valid, could not have been tacked to the
mortgage debt, and thus made a lien on the farm, as against
the defendant, by a purchase of the mortgage after the title
to the farm had vested in him. It appears that the
defendant held one hundred and five dollars of the
purchase price on account of the claim of the plaintiff,
and it is insisted, for that reason, that the defendant should
not be allowed to dispute the claim. But he held the amount
named, not because it was conceded to be due the plaintiff, but

as security against liability for that claim. The claim has never been admitted by the defendant nor by Widney to be just and valid, and this is not a case where the purchaser of land is permitted to deduct from the purchase price an amount admitted to be due on account of an incumbrance, for the purpose of paying that incumbrance.

III.   The facts involved in the rent for the year which commenced March 1, 1894, collected by the plaintiff, are substantially as follows: When the conveyances were made by Parkinson and his grantees, the ownership of the rents for the year specified was also transferred and vested in Mrs. Widney. The lease for that year was executed by the plaintiff, as agent for Parkinson, on the fifth day of February, 1894; and, although the rent in controversy was for a term which commenced after Parkinson sold the land, he appears to have made some claims to it, and directed the plaintiff not to pay it to Widney. The plaintiff refused to do so without an order from Parkinson, and that was not obtained. But the evidence shows that the rent in fact belonged to Mrs. Widney, and that her right to it was transferred to the defendant. He does not seek by way of counterclaim to recover for the rent, but alleges that the claim for it was assigned to him; and he expresses a willingness to have it adjusted in this action, and it is proper and equitable that an allowance for it be made.

IV.   The preponderance of the evidence shows that on the ninth day of February, 1895, when the defendant purchased the farm, he went to the place of business of the plaintiff, inquired the amount due on each mortgage, and the amount of the plaintiff's claim, and that when the amounts were ascertained he offered to pay the full amount of all claims after deducting the two items now in dispute, and that he also offered to pay the amount due on the Steckel mortgage, and the claims of the plaintiff, after deducting the two items as stated, but that the offers were refused. It is true that the plaintiff did not at that time own either mortgage, but it was the agent of the mortgagee,

Barbara Steckel, and represented that it had the right to receive the amount due on both notes. It is also true that the defendant did not at the time produce any money, nor have the amount offered in his actual possession; but he had arranged for it in gold at another bank in the town, and could and would have produced it within a few minutes, had the plaintiff been willing to accept it, and offered to do so, and to produce the required amount, but the plaintiff assured him that the money would not be accepted, unless its claim was paid in full. We are of the opinion that the plaintiff waived its right to insist that the money be produced, and that, as to the plaintiff, the tender was valid and sufficient. *Hall v.Insurance Co.*, 57 Conn. 105 (17 Atl. Rep. 356); *Girard v. Wheel Co.*, 123 Mo. 358 (27 S. W. Rep. 648); *Westlake v. City of St. Louis*, 77 Mo. 47; *Brock v. Hidy*, 13 Ohio St. 306; *Hills v. Bank*, 105 U. S. 319; 25 Am. & Eng. Enc. Law, 904, and note; 28 Am. & Eng. Enc. Law, 581. No money was paid to the clerk of the district court in pursuance of the tender, for the reason that he preferred a certificate of deposit; but the money was at all times subject to his order and under his control. The tender was pleaded in the answer, which averred that it had been made, and that the amount of the tender had been deposited in court. We are of the opinion that the tender was sufficient when made, that the amount tendered by the answer was ample to pay all demands which the plaintiff was then entitled to enforce against the land, and that the tender has been kept good. See *Clapp v. Greenlee*, 100 Iowa, 586, and cases therein cited. The cases of *Shugart v. Pattee*, 37 Iowa, 422, and *Collins v. Jennings*, 42 Iowa, 447, upon which the plaintiff relies did not involve any question of waiver.

The arguments of the parties present numerous questions which are not material to a determination of this case. We have examined the entire record with care, and reach the conclusion that the decree of the district court is fully sustained by the evidence, and it is AFFIRMED.