ERNEST MOORE, Appellant, v. FIRST RUTHVEN CIRCUIT METHODIST EPISCOPAL CHURCH.

117   33
127   355

**Contracts**: MODIFICATION IN PAROL: *Admissibility—corporations.* Where, in an action against a church for the erection of an edifice, it was claimed that the trustees, acting as a board, by reason of a change in the plans and specifications, entered into a new contract by parol, it was error for the trial court to refuse to allow plaintiff to prove such oral contract.

*Religious and secular corporations.* While a religious corporation may determine the rules by which its affairs shall be controlled, yet in its purely secular business, such as the construction of churches, it becomes subject to the rules and principles governing other corporations.

CHURCH TRUSTEES: *Apparent authority.* Where the same board of church trustees which had entered into a written contract, with plaintiff for the construction of a church, afterwards modified it, and made a new oral agreement, plaintiff was entitled to rely on their authority so to act, since he was dealing with agents who were apparently acting within the scope of their authority.

*Burden of proof on want of authority.* Where a church contended that its trustees had no authority to change a contract for the erection of a church building, the burden was on it to prove such fact.

*Presumptions.* Where the trustees of a church, when acting as such board, changed the plans and specifications for a church after the written contract had been entered into, plaintiff, in an action for the work done, was entitled to prove the making of a new oral agreement on account thereof, without first proving that the board was legally assembled, or that it had power to make the changes or to make a new contract.

ULTRA VIRES: *Ratification.* Where a church contracted for the erection of an edifice, and thereafter accepted the same, it was not entitled to defend on the ground that the contract was *ultra vires.*

*Same.* Where, in an action for the erection of a church, it was claimed that the trustees acted beyond their authority, yet there was evidence tending to show a ratification of the acts by the church, it was error to direct a verdict for defendant.

*Appeal from Palo Alto District Court.*—HON. W. B.
QUARTON, Judge.

THURSDAY, MAY 15, 1902.

ACTION on contract to recover a balance due for work
and material furnished in the building of a church for the
defendant.  There was a directed verdict, and a judgment
thereon for the defendant.  The plaintiff appeals.—*Reversed.*

*Wm. A. O'Donnell,* and *Thos. O'Connor* for appellant.

*Morling & Davidson* for appellee.

SHERWIN, J.—We cannot assent to the proposition that
the secular acts of religious corporations are to be governed
by principles of law other than those applied to civil corporations.  A corporation formed for the advancement of
religion and for the control of property for religious purposes may, to a very great extent, determine the rules by
which its affairs shall be controlled; but when it
engages in purely secular business, such as the building of churches, and the like, it becomes subject to
the same rules and principles which govern other corporations.  *Norwegian Evangelical Lutheran Bethlehem Congregation v. United States Fidelity & Guaranty Co.,* 83
Minn, 32 (83 N. W. Rep. 487).

It was error to exclude the plaintiff's testimony as to
a change in the plans and specifications for the church
after the written contract was entered into, and as to a
new oral agreement on account thereof.  The testimony offered related to an agreement with the

board of trustees when acting as such board, and it was not necessary for the plaintiff to first prove that the board had been legally assembled, and that it had power to make a change or to make a new contract. The law presumes that the meetings of the trustees were regular and upon proper notice, and this presumption will prevail until the contrary is shown. *Sargent v. Webster*, 13 Metc. (Mass.) 497 (46 Am. Dec. 743) *McDaniels v. Manufacturing Co.*, 22 Vt. 274; *Hardin v. Construction Co.*, 78 Iowa, 726.

The same board entered into the written contract with the plaintiff, and afterwards modified it in some respects, as alleged in their answer, and as shown in the evidence; and the defendant did not plead or attempt to prove that either of the contracts was made without authority on the part of the trustees. The plaintiff was dealing with agents who were apparently acting within the scope of their authority, and had the legal right to rely thereon. 2 Morawetz, Private Corporation, section 616. Furthermore, the fact that the trustees had power to contract originally would justify the plaintiff in believing and relying on any action they might take in reference to the same subject-matter. *Whiting v. Stage Co.* 20 Iowa, 554. And if they had no such authority, the burden was on the defendant to prove it. *Wardner, Bushnell & Glessner Co. v. Jack*, 82 Iowa, 435. If the trustees, acting as a board, entered into a different contract with the plaintiff, which was not made a matter of record, it was competent to show this by parol. The plaintiff was not permitted to prove his case at all as to any of these matters. There was error in directing a verdict for the defendant, for the reasons pointed out, and for the additional reason that there is evidence tending to show a ratification of the acts of the trustees, for it is well settled that a corporation may ratify an unathorized act of its agent, as well as an individual. Nor may it accept the benefits of

a transaction, and then refuse to pay because the contract was *ultra vires*. *Watts v. Association*, 111 Iowa, 90; *Church v. Johnson*, 93 Iowa, 544.

The judgment is REVERSED.