P. J. TIERNEY, Trustee, Appellant, v. P. D. BUTLER, Appellee.

Corporations: *Ultra vires* CONTRACTS: BANKRUPTCY: POWER OF TRUSTEE. Even though the contract of a corporation may be *ultra vires,* still if it has been fully performed by both parties and the corporation has received and retained the benefits, it will not be permitted to question its own power to make the contract, especially where the agreement is not one clearly prohi-

bited by statute; nor has a trustee in bankruptcy any greater power in this regard, in the absence of a showing of fraud as to creditors. So where a stockholder purchased his stock under an option to return the same and receive reimbursement within a certain time, and without fraud fairly exercised the option during the solvency of the corporation, a trustee of the corporation in bankruptcy cannot set the rescission aside.

**Same:** PURCHASE OF ITS OWN STOCK. In the absence of some restriction or prohibition in the statute or articles of incorporation, a corporation may purchase its own stock.

*Appeal from Webster District Court.*—HON. C. G. LEE, Judge.

SATURDAY, NOVEMBER 20, 1909.

ACTION in equity. Bill dismissed and plaintiff appeals. The opinion states the material facts. *Affirmed.*

*Chantland, Hadley & Graham* and *P. F. Nugent,* for appellant.

*Mitchell & Hackler* and *Kelleher & O'Conner,* for appellee.

WEAVER, J.—The Ryan Implement & Hardware Company, a corporation engaged in business at Ft. Dodge, Iowa, was adjudged a bankrupt, and the plaintiff herein is the trustee appointed in such proceedings. This action is brought in equity by said trustee for relief against the defendant, who formerly held certain shares of stock in said corporation. As grounds for such relief it is alleged that defendant became a subscriber for twenty-two and one-half shares of said stock of the par value of $100 per share, or an aggregate of $2,250, upon which subscription he paid but $1,000; the balance of $1,500 being due and unpaid. He also alleges that while holding said stock and acting as a director or officer of the corporation which was then in failing condition, defendant surrendered his certificate of

stock to the corporation, and wrongfully withdrew therefrom, receiving in consideration of such surrender assets of the corporation aggregating a value of $2,250. The petition further recites a tender of the certificate of stock to defendant, and upon the facts as alleged demands a recovery of $2,250.

In a second count the trustee alleges that while acting as a stockholder and officer of the corporation which was then in a failing condition, defendant received and acquired from the corporation merchandise which is known in the record as the "Clare branch stock of goods" of the agreed value of $2,250, for which he paid no consideration except in the surrender or delivery of twenty-two and one-half shares of the stock of said corporation, which shares were then of no material value; and for the value of the property thus wrongfully acquired recovery is sought.

The defendant admits that he subscribed for the shares of stock, but avers that such subscription was made after the organization of the company, and while it was a going concern, upon the express condition and understanding that he retained the right and option to return or surrender the stock at the end of one year, and that upon the exercise of such option he was to receive back in money or property the equivalent of the amount so invested. He further avers that the shares taken by him were some that had originally been issued to other subscribers, but repurchased by the corporation and held in its treasury. He further avers that within the time agreed upon he exercised his option to return the shares and withdraw from the corporation, and received in settlement of his claim therefor the property mentioned in the second count of the petition. Other matters are pleaded which will be sufficiently indicated in the further progress of this opinion.

Upon hearing the testimony, the trial court found that the allegations of the answer as to the terms upon which defendant took the stock had been fully sustained,

and that his withdrawal from the corporation was therefore rightful, and that giving him credit for what he had paid for the stock, and charging him with the fair value of all that he withdrew from the concern, there was nothing due from him to the corporation or the trustee in bankruptcy, and the petition was therefore dismissed. Plaintiff appeals.

We shall not enter upon any general recital of the evidence, but shall content ourselves in this respect with stating the substance of the trial court's findings of fact, which are well sustained by the record, and are as follows:

(1) That defendant purchased or subscribed for twenty-two and one-half shares of the corporate stock, paying therefor $1,000 in money and the remainder in real estate at the nominal value of $1,250, but worth in fact about $500, and that such purchase was upon the express condition of an option to defendant to return the stock if he so elected at the end of one year, and receive reimbursement from the corporation for the amount so paid.

(2) That at the end of the year defendant exercised his option and returned the stock. This was accomplished by the transfer from the corporation to defendant of the Clare branch stock of merchandise at a nominal value of $2,878, but worth, in fact, not to exceed sixty-five percent of that figure, in consideration of which he turned back his said shares of stock, and, in addition thereto, paid to the corporation the sum of $628.80 in money.

(3) That at the date of his receiving the stock the corporation was solvent, and it was also solvent when he turned it back, having assets sufficient to pay all corporate creditors and return a dividend of twenty-five percent to its stockholders.

(4) That later, when the corporation became insolvent and went into bankruptcy, the claims filed and proved against it exceeded its assets by more than $7,000, but of this amount less than $700 accumulated during the year in which the defendant held the stock.

On these findings the court was of the opinion that the plaintiff ought not to recover.

Counsel for appellant take the position that even on the basis of the facts as found by the trial court he ought to recover as demanded in the petition upon at least one of, if not on both, counts. As we view it, the question turns entirely upon whether the option given the defendant in the purchase of the stock and afterward exercised by him can be ignored in this proceeding or treated as a nullity for want of power in the corporation to enter into such a transaction, or as being voidable by the trustee as a fraud upon the corporate creditors. We are not prepared to concede the correctness of either suggestion. But, even admitting the contract to be *ultra vires* and subject to repudiation by the corporation or its representatives before performance, yet having been fully executed and carried out by both parties according to its terms, and the corporation having received and retained the consideration thereof, it will not be permitted to question its own power or authority to do the thing which it has already done. This rule applies at least to all cases where the alleged *ultra vires* agreement is not clearly prohibited by statute. Nor will the trustee in bankruptcy stand in a better position in the absence of a showing of fraud or collusion between the parties to cheat, hinder, or delay the corporate creditors. *Watts v. Equitable,* 111 Iowa, 95; *Church v. Johnson,* 93 Iowa, 544; *Insurance Co. v. Bank,* 127 Iowa, 591; *Haney v. Creamery Co.,* 108 Iowa, 313; *Field v. Association,* 117 Iowa, 185; *Lumber Co. v. Telephone Co.,* 127 Iowa, 350.

*1. CORPORATIONS: ultra vires contracts: bankruptcy: power of trustee.*

But there is no recognized rule of public policy in this state which forbids a corporation purchasing its own stock. On the contrary, such contracts are here sustained in the absence of some restriction or prohibition in the statute or articles of incorporation. *Lumber Co. v. Foster,* 49 Iowa, 25; *West v. Averill,* 109 Iowa, 488; *Lumber Co. v. Telephone Co.,*

*2. SAME: purchase of its own stock.*

*supra.* In the last cited case a subscription or purchase of stock was made much after the fashion of the one now being considered; the corporation undertaking that, under certain conditions, it would repurchase the shares at their par value. The corporation having refused to accept their return or to pay therefor under this agreement, plaintiff was held entitled to maintain action for the recovery of the par value without reference to the actual value of the shares. It follows that the corporation in the case at bar did not exceed its powers in making the contract for sale and repurchase of the shares, or, if it did, the contract has been executed, and its validity can not be questioned.

If the contract of sale must be held valid, then the act of the corporation in accepting the return of the shares and paying the defendant therefor in money or property a sum not in excess of the amount it had received for the same must also be upheld. Of course, had defendant retained the shares, he would be chargeable with the difference between the inflated value of the property turned in on said purchase and its reasonable market value, but when the sale was abandoned or the shares surrendered according to the terms of the agreement, the only right or equity which either party had in the matter was to be restored as nearly as possible to the *statu quo* existing before the sale was made. According to the court's findings, the defendant in withdrawing from the corporation received from it less than he had contributed by the sum of $248.58. Without attempting to verify all the figures and computations made by the court, we are satisfied from an examination of the record that they are conservative and substantially correct. There is no evidence on which a finding of fraud or collusion between the defendant and the corporation would be justified.

Counsel for appellant have with great industry compiled an exhaustive and valuable brief of the authorities upon the nature of a contract involved in a subscription

for corporate stock; the duty of the subscriber to pay therefor the full subscription price in money or in property reasonably worth the price at which it is received by the corporation; the duty of stockholders and officers to deal fairly with the corporation and its property which they hold in trust for the common benefit and for the protection of its creditors; and the authority of a trustee in bankruptcy to open up fraudulent transactions by stockholders and officers by which corporate creditors are or may be prejudiced. All the legal propositions thus set forth may be admitted correct, and the authority of the precedents cited by counsel be conceded, but they do not have pertinent application to the facts before us. The conditional or optional contract being established, its validity sustained, and its complete execution shown without dispute, no taint of fraud being revealed, there is no unpaid balance of subscription to be recovered, and the amount returned to the defendant in the shape of the Clare merchandise, less his cash payment thereon, not being in excess of the sum he was entitled to demand and receive under the terms of the original contract, neither the corporation nor its trustee may compel its restitution.

The decree as entered by the district court is right, and it is *affirmed.*