FITZGERALD v. THE C., R. I. & P. R. Co.

LYNCH v. THE SAME.

1. **Railroads:** EJECTMENT OF PASSENGER: EXEMPLARY DAMAGES. Where an employe of a railway company, in enforcing a valid rule of the company, in a case to which he in good faith believes it to apply, without wantonness, indignity or insult, ejects a passenger from a train, exemplary damages are not recoverable therefor.

*Appeal from Muscatine Circuit Court.*

<div align="center">MONDAY, DECEMBER 9.</div>

THESE cases are presented on one abstract, under an agreement upon which they were tried together in the court below, and are to be presented in the same manner to this court. The plaintiffs seek to recover damages for injuries sustained in being ejected from a car of defendant after having purchased tickets to a station upon the railroad. There was a verdict in one case for two dollars and forty cents, and a judgment in each case for that amount under the agreement above mentioned. Plaintiffs appeal. The facts of the case appear in the opinion.

*D. C. & Geo. R. Cloud,* for appellants.

*Richman & Carskadden,* for appellee.

BECK, J.—The plaintiffs purchased tickets at Muscatine for Ononwa, a station a few miles distant, intending to take a

<div style="margin-left:2em">1. RAILROADS: ejectment of passenger: exemplary damages.</div>

freight train, then at the depot, which had a "caboose" for passengers. One of them placed his baggage upon the proper car, and the two crossed the street to a saloon and remained there until the train started, when they approached the train for the purpose of going upon the "caboose." The conductor, by gestures, directed them not to get on, which they disregarded, and while the train was in motion went upon the platform of the "caboose." They were ordered by the conductor to leave the car, and were informed if they did not obey force would be used. They testify that the conductor declared if they did not voluntarily get off the car he would "hurt them," or one of them, to whom his words were addressed. They declined to leave the car while it was in motion, and it was thereupon stopped, and the plaintiffs left it. The conductor did not know, when he ordered plaintiffs off the car, that one of them had baggage in it. There was no violence used, and none threatened, except as above stated, and the conductor indulged in no insulting or abusive language.

A rule of the company, which was posted at the depot when plaintiffs purchased their tickets, required passengers to take freight trains at the depot, and forbidding conductors to permit passengers "to get upon the train after it has left the depot." When plaintiffs went upon the car it was in motion, but had not passed the platform and depot buildings. The conductor, in obedience to this rule, forbade the plaintiffs to go upon the car, and in enforcing it required them, after they had disobeyed his orders, to leave the platform of the "caboose."

The Circuit Court instructed the jury that the rule under

which the conductor acted was reasonable, and the defendant had a right to establish it. We do not understand that counsel for plaintiffs question the correctness of this legal proposition. They excepted to the instruction in the court below, and base an assignment of error thereon in this court, but do not assail it in argument. The rule of the instruction is clearly correct, and as the objection thereto is waived by counsel failing to press it in argument it demands no discussion.

Another instruction directed the jury that if they found plaintiffs did not violate any rule of defendant in getting on the train they were entitled to recover the *actual* damages they sustained by reason of being compelled to leave the train, such damages being the value of the time lost by plaintiffs and the sum paid for the tickets purchased.

Still another instruction informed the jury that the evidence presented no sufficient ground for the recovery by plaintiffs of exemplary damages, or compensatory damages, for physical or mental suffering or injuries to the person.

Counsel for plaintiffs insist that these instructions are erroneous, in that they hold plaintiffs are not entitled to recover damages for the insult and indignity offered them, and for the wounded feelings, the "mental anguish"—using the expression of counsel—and that the law does not limit their right of recovery to actual damages.

Under the instructions of the court the jury found for plaintiffs, and assessed the actual damages sustained by them. It follows that the jury found plaintiffs were unlawfully ejected from the car. We are to inquire whether the Circuit Court erred in withdrawing from the jury the question of exemplary and compensatory damages for injured feelings. In a case quite similar we held that as a matter of law a plaintiff was not entitled to recover compensatory and exemplary damages, for the reason that no malice or wantonness was discoverable in the acts of the employe enforcing the rules of the railroad company. *Paine v. The C., R. I. & P. R. Co.*, 45

Iowa, 569.    The doctrine of that case is that if the conductor
of a railroad train mistakingly enforces a valid rule of the
corporation, and, without malice or wantonness, applies it in
a case and to an individual where the rule is not applicable,
honestly supposing he is in the discharge of his duty, there
is no ground for allowing damages compensatory of indignity
and insult.    The cases before us come within that rule.    It
clearly appears that the conductor warned plaintiffs not to
get upon the car.    This was done in the enforcement of a
valid rule of the corporation.    We cannot doubt that he in
good faith believed that the rule was applicable to the plain-
tiffs, and the circumstances required its application.    He did
no more than was necessary to enforce the rule.    His threats
of violently removing plaintiffs seem to have been necessary
in order to enforce the rule.    Indeed, he showed proper con-
sideration for the safety and convenience of the plaintiffs in
stopping his train at their request, and we cannot think that
he could have enforced the rule with less exhibition of firm-
ness and determination, or with more consideration for the
convenience of plaintiffs.    These cases are, in our opinion,
within the rule of *Paine v. The C., R. I. & P. R. Co., supra.*

Counsel object that the instruction in question excludes
compensatory damages for injured feelings, which may be
allowed when exemplary damages are not recoverable.    But
it will be observed that the question of compensatory damages
for wantonness and oppression was in the case just cited, and
it was held that in the absence of such conditions the plaintiff
was not entitled to recover compensation for injured feelings.

In view of the facts that the conductor acted under a valid
rule of the corporation, in a case where he honestly supposed
it was applicable to plaintiffs, and enforced the rule with no
more of sternness and vigor than was necessary to ensure
obedience, without words of insult or violence, and that,
under the circumstances of the case, no indignity was in
truth inflicted upon plaintiffs, we think the court below did
not err in excluding from the consideration of the jury, by the

instructions and rulings upon the admission of evidence, the question of damages compensatory of the injured feelings, the "mental anguish," of plaintiffs.

<div style="text-align: right">AFFIRMED.</div>