101  411|  .
128  393|

## STATE OF IOWA v. WM. URIE, Appellant.

**Evidence:** INTENT TO RAPE. The evidence of an attempt to rape is sufficient where it tends to show that the defendant falsely represented to the prosecutrix, who had alighted from a train very early on a cold, dark morning, in response to her inquiries as to whether the Catholics held early mass at that place, that he was a Catholic, that he offered to show her to a hotel, and took her past a hotel and in a direction away from hotels, and upon her statement that she believed that she would go back to the depot and stay until daylight, he grabbed her and tore her coat open, and cursed her when she screamed, declared that he would have intercourse with her, and followed her back to the depot, where she arrived in a half-fainting condition, and remarked to persons there present, that he had had intercourse with her.

**Instructions:** CONSTRUED TOGETHER. An objection to a particular paragraph of a charge, because it is not in itself sufficient, will not be considered unless it is in conflict with some other paragraphs, or contains an affirmative misstatement of the law, where the charge, as a whole, correctly states the law.

INTENT TO RAPE. An instruction in a prosecution for an assault with intent to commit rape, that if the defendant took hold of the prosecutrix and tore open her cloak, and seized her arm with intent to have carnal intercourse with her against her will, and of accomplishing his object at all events, without regard to any resistance by her, he is guilty, is not obnoxious to the objection that it invades the province of the jury by telling them what particular acts constitute the force sufficient to make out the crime.

CHARGING ON RAPE. A proper definition of rape is essential to a proper presentation to the jury, of assault with intent to commit rape.

Rape. An instruction that rape is carnal knowledge of a female forcibly against her will, and where threats of personal violence are made to overcome her will, and she believes that her person is in danger from said threats, and defendant has sexual connection with her, the law deems that it has been forcibly had, and against her will,—is not obnoxious to the objection that it eliminates the necessity of actual force. Neither is it misleading or ambiguous.

*Appeal from Adams District Court.*—HON. W. H. TED-
FORD, Judge.

WEDNESDAY, APRIL 7, 1897.

DEFENDANT was indicted, tried, and convicted of
the crime of assault with intent to commit rape, and
from the judgment he appeals.—*Affirmed.*

*Dale & Brown* for appellant.

*Milton Remley,* attorney general, and *Jesse A. Mil-
ler* for the state.

DEEMER, J.—Miss Miller, the prosecuting witness,
arrived at the town of Corning, in Adams county,
about 3:15 o'clock, A. M., January 12, 1896. She is a
Catholic, and represented some religious newspaper,
for which she was soliciting subscriptions. The
morning was cold and very dark. When she
alighted from the train, she discovered that the
depot was locked, and, while endeavoring to gain
entrance thereto, she met the defendant. She
inquired as to whether the Catholics held early mass
at that place, and was informed by defendant, that
they did, and that he was going to attend. Miss
Miller then stated, that it was too early to
wake up the priest, and that she would go
to a hotel and stay until daylight. Defendant
falsely represented that he was a Catholic, and
offered to assist her, and the two started,
with the apparent purpose of going to the hotel.
They proceeded towards the principal hotel, and
passed it; the prosecuting witness inquiring, as they
passed it, if it was not a hotel, to which defendant
responded in the affirmative, but added that it was not
a good place to stay. Instead of going into this hotel,

the defendant turned the corner, and was proceeding east,—in which direction there was no place of public entertainment,—and had gone as far as the alley, when Miss Miller remarked that it was very dark, and that she believed she would go back to the depot and stay until daylight. At this, defendant grabbed her, tore open her coat, and declared he would have intercourse with her. The prosecuting witness grabbed her valise, which defendant had dropped when he commenced the assault, screamed, and endeavored to get away from him. Defendant then cursed her and told her to shut her mouth, but she screamed again, tore away from the defendant, and ran back to the depot. When the witness arrived at the depot, she was very much agitated and excited, and was unable to control herself. She came in in a half-fainting condition, and was unable to speak for some minutes. Defendant shortly thereafter came to the depot, and remarked to several who were there present that he had had intercourse with the girl. The defendant went upon the stand in his own behalf, and claimed that he had no recollection of what occurred on the morning in question, because of the fact that he was intoxicated.

The first point relied upon for a reversal of the case is that the evidence is not sufficient to justify the verdict. It is practically conceded that defendant made an assault upon the prosecuting witness, but it is insisted that there is not sufficient evidence that in making the assault he intended to use whatever degree of force might be needed to overcome the prosecuting witness and accomplish his purpose, notwithstanding any possible resistance she might make. We have set out enough of the evidence and attendant circumstances to show that the question was properly submitted to the jury, and that they were justified in finding therefrom that the defendant, in making the

assault, did so with the intent charged. The intent with which an act is committed cannot, ordinarily, be shown by direct proof, but it is to be inferred from the language and conduct of the parties, and from all of the surrounding circumstances; and whether a specific intent exists in any particular case, is, ordinarily, a question for the jury. The matter was properly submitted, and with the conclusion reached we cannot interfere. The case is unlike those cited and relied upon by appellant, in many important particulars.

II. Complaint is made of the fourth instruction, which defines the crime of rape. It is said that it had no place in the charge, and that, if it be conceded to be correct as an abstract proposition, it was erroneous, because not supported by evidence that any threats were made by defendant to accomplish his purpose. In order to properly present the case, it was necessary for the court to define the crime of rape, for the defendant was accused of an assault with intent to commit that offense. A proper definition of rape was essential to a systematic presentation of the case to the jury. The instruction complained of is as follows: "You are instructed that rape is a carnal knowledge of a female, forcibly and against her will; *and where threats of personal violence are made to overcome her will, and she believes that her person is in danger from said threats, and defendant has sexual connection with her, then the law considers such carnal knowledge as having been forcibly had, and against the will of the female.*" It is said that there is no evidence to support that part of it which is italicized. This claim is manifestly incorrect. There was evidence of threats made by defendant. Further, it is said that the jury might infer from this instruction that mere threats of personal violence, from which the woman believed herself in danger,

without any actual force, would constitute the crime charged. We do not think that this is a fair or reasonable conclusion, and, when we consider the charge as a whole, it is clear that no such inference could be drawn.

It is also said, that. the instruction is erroneous, because of the use of the words "threats of personal violence." It is said, that they are ambiguous and misleading. We do not think this is true. When the whole charge is considered, there is no room for doubt as to what the court meant.

III. The eighth and ninth instructions are complained of, because it is said they fail to state that the act must have been against the will of the prosecutrix. These instructions do omit this element of the crime, but the point was covered in other instructions; and, taken as a whole, they correctly state the law. It is an elementary rule, that all the instructions must be considered together, and if, as a whole, they correctly state the law, an objection to one particular paragraph, because it is not in itself sufficient, will not be considered, unless it is in conflict with some of the other paragraphs, or unless it contains some affirmative misstatement of the law. The tenth instruction is objected to, for the reason that it invades the province of the jury, and tells them what particular acts constitute the force sufficient to make out the crime. This instruction was as follows: "(10) If you are satisfied, beyond a resonable doubt, from the evidence, that the defendant took hold of the said Sadie Miller, and tore open her cloak, and seized her arm, with the intent of having carnal intercourse with her against her will, and with the intent of accomplishing his object at all events, without regard to any resistance she would make, then he is guilty of an assault with intent to commit rape; and if you are satisfied of this

beyond a reasonable doubt, you should so find." It is manifest that the objection is not tenable. The court simply tells the jury that certain acts, if proven, would constitute an assault, and also says that if they found they were done with a certain intent and against the will of the prosecutrix, that then, defendant would be guilty of the crime charged. There is no doubt of the correctness of this instruction. Some of the other instructions are complained of. We have examined them all in the light of counsel's argument, and find no prejudicial error.

IV. Lastly, it is insisted that the penalty is excessive. The sentence was for five years in the penitentiary. While the evidence is not as strong as in many cases of this character, yet the jury was fully warranted in finding the defendant guilty, and we do not think we ought to interfere. The judgment of the district court is AFFIRMED.