## M. O. COINE v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

**Railroads:** WRONGFUL EJECTION OF PASSENGER: EVIDENCE: In an
1 action for a wrongful ejection from a passenger train, where there was a general denial of the allegations of the petition and it was necessary for plaintiff to show his right to transportation, it was proper for him to introduce a receipt given by the agent from whom he purchased the ticket.

**Contract:** ORAL EVIDENCE OF. A passenger ticket is not necessarily
2 a contract, and oral evidence that one was purchased was competent.

**Evidence:** ERROR IN ADMISSION: HOW CURED:' Any error in
3 the admission of evidence, that plaintiff stayed in the depot over night at the place where ejected from the train because unable to secure accommodations, was cured by an instruction withdrawing it from the jury.

**Evidence:** DAMAGES. In an action for ejection from a train, evi-
4 dence that plaintiff was without money at the time' and was delayed on that account was not prejudicial, where it appeared plaintiff reached his destination within a day and compensation for one day's time was conceded.

**Evidence.** REPUTATION. Evidence that plaintiff's expulsion from
5 the train was talked about at his home was not prejudicial, where the issue of injury to his reputation was not submitted and a portion of the evidence was excluded by an instruction.

**Damages:** EJECTION FROM TRAIN. Indignity, humiliation, wound-
6 ed pride and mental pain are elements of damage for which a recovery may be had by a passenger wrongfully ejected from a train.

*Appeal from Boone District Court.*—HON. J. R. WHITAKER, Judge.

THURSDAY, APRIL 7, 1904.

ACTION to recover damages for being ejected from a passenger train on defendant's railroad. Verdict for $100. Defendant appeals.—*Affirmed.*

*James C. Davis* and *A. A. McLaughlin* for appellant.

*D. G. Baker* for appellee.

McCLAIN, J.—The facts which the evidence tended to show, so far as they are material to a discussion of the questions argued, were substantially as follows: That plaintiff purchased from defendant's agent in Chicago a ticket for transportation from Chicago to Colo, Iowa, and was carried on that ticket, on defendant's passenger train, to the town of Norway, a station on defendant's road east of Colo, where he was required by the conductor to leave the train on the ground that he had no ticket and was not entitled to transportation, although, as a matter of fact, his ticket, entitling him to transportation to Colo, had been regularly taken up by the conductor soon after the train left Clinton. No question is made in argument as to plaintiff's right to be transported to Colo, nor as to the fact that the conductor acted wrongfully in requiring plaintiff to leave the train at Norway, so that the contention is not as to plaintiff's right to recover, but as to the introduction of evidence and the giving of instructions which may have improperly influenced the jury in determining the amount of damages which should be allowed.

I. Several errors are assigned with reference to the admission of improper testimony. It is urged that plaintiff was improperly allowed, over defendant's objection, to relate a conversation with the agent of defendant

1. WRONGFUL ejection of passenger: evidence.

from whom plaintiff purchased his ticket. It is difficult to see how this evidence could be in any way material under the issues on which the case was tried, for it was practically admitted on the trial that plaintiff was a passenger on defendant's train, entitled to transportation to Colo. However, as all the allegations of the petition were denied by defendant's answer, and it was incumbent on plaintiff to show that he had a right to be transported on the train, it was proper to introduce in evidence on his behalf, as was done, a receipt given by the Chicago agent to plaintiff when he purchased his ticket; and, as explanatory of the fact of issuing this receipt, it was, perhaps, not im-

proper to state the circumstances under which it was issued, and the reason which led the plaintiff to insist upon such receipt. Without holding, however, that the evidence was admissible, it is sufficient to say that it could not have been prejudicial. We cannot believe that, under the instructions which the court gave as to the issues presented to the jury, any weight could have been given by the jury to this evidence.

Nor do we think any prejudice resulted to the defendant in allowing plaintiff to testify that he purchased a ticket to Colo. An ordinary passenger ticket is not necessarily a con-

2. CONTRACTS: oral evidence of. tract, within the scope of the rule excluding oral evidence of the contents of a written instrument; and, even if it were, the witness did not attempt to state its contents.

Plaintiff was allowed to testify, over defendant's objection, that he stayed in the depot at Norway all night because he could not get a place to stay elsewhere; but, if the admis-

3. EVIDENCE: error in admission: how cured. sion of this evidence was erroneous, the error was cured by an instruction to the effect that all evidence in relation to plaintiff's not being able to obtain lodging at Norway was withdrawn from the consideration of the jury, and that they should not allow plaintiff any damages for staying in the depot building at Norway during the night. Counsel urge that the admission of this evidence was so serious an error that it could not be cured by an instruction to the jury to disregard it, but we do not take this view. All the circumstances had been related to the jury, and it plainly appeared that plaintiff stayed in the depot because he was unable to secure accomodations at the hotel. There was nothing to indicate that he suffered any physical injury or mental distress on this account, and we are not willing to assume that the jury so far ignored the explanation and the instructions given by the judge as to take the fact into account as increasing the damages allowed to the plaintiff.

Plaintiff was allowed to testify, over defendant's objection, that he was without money when he left the train at Norway, and that he was compelled to wait there until bank-

ing hours before he could secure money for the purpose of continuing his journey to Colo. As he did in fact continue

4. EVIDENCE; damages.

his journey, and reach Colo with a delay of less than a day, we can hardly see how this evidence could have been in any way prejudicial. Defendant does not urge that plaintiff should not be allowed compensation for one day's loss of time, and certainly the jury was not in any way misled by the evidence objected to.

Plaintiff was allowed to testify, over objection, that the fact of his expulsion from the train at Norway was talked about at his home in Boone; and it is urged that this evi-

5. EVIDENCE: reputation.

dence was prejudicial, in that the jury may have taken it into account, and allowed plaintiff something for injury to his reputation. But the court, in stating the issues, did not include injury to reputation as an element for which damages might be allowed, and by an instruction excluded from the consideration of the jury some of the evidence relating to the rumors at Boone as to plaintiff's ejection from the train. Possibly the particular evidence of plaintiff in reference to this matter was not expressly withdrawn, but we reach the conclusion that no prejudice could have resulted from the admission of plaintiff's testimony in this respect. If the verdict were excessive, as based upon the evidence properly admitted, or if there were other indication of passion or prejudice on the part of the jury, we might conclude that the jury had given some consideration to this immaterial matter; but, in view of the verdict, for $100 only —some substantial damage in the way of loss of time and injury to the feelings having been shown—we feel satisfied that the minds of the jurors were not affected by it.

A witness was allowed to testify for plaintiff, over defendant's objection, as to the substance of a conversation between him and plaintiff at Norway after plaintiff had left defendant's train; but the court expressly instructed the jury not to consider this evidence, and there was nothing in the conversation which could possibly have prejudicially influenced the jury. And the same conclusion must be reached

with reference to objections made to the testimony of another witness with regard to whether the receipt for a ticket, introduced in evidence, was issued by defendant's agent at Chicago. There was no question made as to the genuineness of the receipt, and what the witness said about it could not have affected the result. It is urged that witnesses were permitted, over objection, to testify that the expression of plaintiff's face, and his tone of voice and conduct, after leaving the train at Norway, indicated mental distress and anguish, without stating the facts on which such opinion was based; but, on reading the entire evidence of these witnesses, as set out in the abstract, we reach the conclusion that they showed themselves to be in as good a situation as any nonexpert witness could be, under such circumstances, to testify as to the fact of mental distress of another, and that their testimony was properly admitted.

II. As to the instructions, it is objected that the jury were told that the burden was on the plaintiff to establish all the material allegations of his claim by a preponderance of evidence, without being instructed which allegations were material. But the jurors were told what plaintiff must prove to be entitled to recover, and we cannot imagine that any prejudice resulted from the particular language complained of. It is further urged, however, that, after telling the jury what the plaintiff must prove, the court proceeded to tell them conversely that if they found from the evidence that the plaintiff did not purchase a ticket, or did not present or deliver the same to the conductor, or if they did not find from the evidence that plaintiff was expelled from the train, then their verdict should be for the defendant, and, further, that if the evidence showed that the conductor did not use any force, etc., plaintiff could not recover; thus, as it is claimed, throwing upon defendant the burden of negativing plaintiff's right to recover. This form of instruction is certainly not to be approved, but, taking the instructions together, we cannot believe the jury misunderstood the court as to the fundamental proposition of law relating to the burden of proof.

Finally it is contended that the court erred in instructing the jury that damages might be allowed for indignity, humiliation, wounded pride, and mental suffering involved in and resulting from expulsion from the train, even though it should appear that the conductor was not actuated by malice or willfulness. Conceding, as we must, under the evidence, that the jury was justified in finding that plaintiff was wrongfully compelled to leave the train, we reach the conclusion that they might properly take into account these elements of damage, if shown to exist, although the act of the conductor was not malicious or willful, but was the result of a mistake on his part. · This is an action of tort, and there is no longer any room for argument in this state as to the proposition that, for the tortious expulsion of a passenger from a train, compensation may be allowed, covering these elements of damage. *McKinley v. Chicago & N. W. R. Co.*, 44 Iowa, 314; *Shepard v. Chicago, R. I. & P. R. Co.*, 77 Iowa, 54; *Curtis v. Sioux City & H. P. R. Co.*, 87 Iowa, 622. As is said in *Lucas v. Michigan Central R. Co.*, 98 Mich., 1 (56 N. W. Rep. 1039, 39 Am. St. Rep. 517), "If plaintiff's legal rights were violated by the expulsion from the train, it was for the jury to consider the injury to· his feelings that such conduct would be likely to produce in view of his consciousness that he was without fault, and had a right to remain upon the train to his destination." In *Paine v. Chicago, R. I. & P. R. C.*, 45 Iowa, 569, the question was not as to expulsion from the train, but as to the use of threatening language, and the instruction held erroneous was with reference to exemplary damages. In *Fitzgerald v. Chicago, R. I. & P. R. Co.*, 50 Iowa, 79, the sole question was as to exemplary damages. In the case before us the court expressly excluded any consideration of exemplary damages, and we see no error in the instruction.

No error appears which could have prejudicially affected the result of the trial, so far as defendant is concerned, and the judgment of the trial court is AFFIRMED.