The German Insurance Company of Freeport, Appel-
    lant, v. The Chicago and Northwestern Railway
    Company, Appellee.

**Railways:** FIRES: EVIDENCE. In an action against a railway com-
1   pany for a fire caused by negligent operation of an engine, the
    testimony of an expert as to whether fire coming from the
    firebox could get above the netting at the front end of the
    engine without going through the same, which had reference
    to only such engines as could have set the fire, was competent
    though in the nature of a conclusion.

**Same.** The evidence of a qualified witness describing engines
2   which might have started the fire as belonging to a certain
    class, that the quality and equipment of the same were the
    best engines the company had, detailing the features of the
    engine to be considered in connection with setting out of
    fire, and that an engine could not be operated without small
    cinders escaping from the smoke stack, was competent.

**Instructions:** STATEMENT OF ISSUES. In stating the issues, the bet-
3   ter practice is for the court to make a succinct statement
    thereof rather than to copy the pleadings, but where the points
    for decision of the jury are clearly stated in other parts of the
    charge there is no prejudicial error.

**Submission of withdrawn issues.** It is error to submit an issue
4   which has been withdrawn during the trial.

**Instructions:** BURDEN OF PROOF. Where the court in other instruc-
5   tions has pointed out just what plaintiff was required to prove
    to make out a case, it was not prejudicial error to instruct that
    it had the burden of establishing all the material allegations
    of the petition.

Instruction: NEGLIGENCE. Where the court charged that proof of
6.  setting the fire by one of the defendant's engines raised the
    presumption that defendant was guilty of negligence and to
    avoid liability the burden was upon it to overcome such pre-
    sumption by disproving every fact which would justify a find-
    ing of negligence, plaintiff was not prejudiced by another in-
    struction that even though defendant's engine set the fire there
    could be no recovery unless the jury found that the sparks
    escaped from the locomotive through negligent failure to keep
    the same in repair.

Negligence. Negligence defined as "a failure to exercise that
7   degree of care and diligence that an ordinarily prudent person
    would exercise in his own affairs under like or similar circum-
    stances," includes negligent acts of commission as well as
    omission.

Instructions: ESCAPE OF FIRE: APPLIANCES. Where the jury was
8   told that a railway company is required to have the best appli-
    ances for preventing the setting of fires, and that its engines
    must be properly handled, another instruction requiring the
    using of "appropriate appliances" was not objectionable, as
    the term applied to the character of appliances previously re-
    ferred to.

Same. An instruction that if the fire was started by sparks from
9   defendant's engine it would be liable for the damage, unless,
    at the time, it had in use on such engine the best appliances
    for preventing the escape of fire, and such engine was properly
    handled, was not objectionable as eliminating defendant's duty
    to keep the engine in repair.

Instructions: CONSTRUCTION OF. There is no reversible error where
10  the court's instructions, when construed together, fairly present
    the issues, although some paragraphs standing alone are appar-
    ently contradictory.

Appeal from Carroll District Court. — HON. F. M. POWERS,
Judge.

WEDNESDAY, JULY 12, 1905.

ACTION to recover damages for the destruction by fire
of a dwelling house and contents upon which plaintiff had a
fire insurance policy in the sum of $1,000, which indemnity
it paid to the original owner of the property destroyed. Lia-

bility on the part of the company is predicated upon its setting out the fire. Defendant denied that it was responsible for the fire, and denied all negligence on its part. It also pleaded a settlement with the owner of the property, but as it withdrew this defense during the course of the trial the case was submitted upon the other issues tendered. There was a trial to a jury, resulting in a verdict and judgment for the defendant, and plaintiff appeals. — *Affirmed.*

*J. A. Crain* and *Lee & Robb,* for appellant.

*James C. Davis, A. A. McLaughlin,* and *M. W. Beach,* for appellee.

DEEMER, J. — Something like eighteen errors are assigned as a reason for the reversal of the judgment. Not all are argued, and we shall only consider those which seem to be important or controlling. Most of these center around the instructions given and refused, although there are two or three rulings on evidence which are challenged. These latter relate to the testimony of experts as to the construction and operation of engines.

Claim is made that the defendant, in the negligent operation and construction of its engines, set fire to an elevator in the town of Glidden, which was communicated by this elevator to the insured dwelling house of one Nichols, totally destroying the same with its contents. Defendant denied all negligence, and pleaded that its engines were properly and carefully managed, and were supplied with the best known and most approved appliances for preventing the escape of fire and sparks, which were in good repair, and carefully managed. In making out its case, a witness who showed proper qualifications, was asked if there was any way in which sparks of fire coming from the fire box could get above the netting at the front end of the engine without going through the netting. As this testimony had reference to the only engines which could have set out the

1. RAILROADS: fires; evidence.

fire, it was manifestly competent and material.   True, it was perhaps in the nature of a conclusion, but it was such an one as courts universally permit.   *Yahn v. City of Ottumwa,* 60 Iowa, 429, and other like cases.

Other qualified witnesses described the character of the engines which might have set out the fire as belonging to what is known as class " R."   They were then asked as to the
2. SAME.        quality and equipment of such engines with
               regard to safety and the setting out of fires, and
answered that in this respect the draft, netting, and appliances were constructed the same as on other engines on the defendant's system, and that they were, as a class, the best engines the company had.   They were also asked what features of a locomotive were to be considered in connection with the setting out or the prevention of fires.   To this the responses were: netting, diaphragm, plates, netting in front end or smoke box of the engine.   Other witnesses were asked as to whether an engine could be operated without small cinders escaping from the smokestack.   They answered " No."   Manifestly these questions and answers were each and all competent, material and relevant.   Most of the testimony was from experts regarding the character and construction of the engines, and, although some of the questions called for answers in the nature of conclusions, they were not objectionable on that account.

II.   Instead of condensing the pleadings and giving a short and succinct statement of the issues, the trial court practically copied them in its instructions.   This practice is
3. INSTRUCTIONS:  not to be commended, but there was nothing in
statement of    this case which would in any way confuse or
issues.
                confound the jury.   Moreover, the exact points
for decision by the jury were clearly stated in other parts of the charge, and no prejudice resulted.   *City v. Moore,* 109 Iowa, 476; *Welch v. Ins. Co.,* 117 Iowa, 394; *Schaefer v. Insurance Co.* (Iowa), 100 N. W. 857.

III.   Error is predicated upon the court's failure to

submit the issue which was withdrawn by the defendant.

4. SUBMISSION OF WITH-DRAWN ISSUE. No discussion of such a question seems necessary. It would have been error to have submitted it after its withdrawal. *West v. Averill,* 109 Iowa, 488.

IV.    The court instructed that the burden of proof was upon the plaintiff to establish all the material allegations of its petition. If this were all, doubtless the case should be reversed, for a plaintiff is never required to prove more than is necessary to entitle him to recover; and a jury, under such an instruction would have difficulty in separating the material from the immaterial matters. But in other instructions the jury was told just what plaintiff was required to show in order to make out a case. After reading the instructions as a whole, the jury could not have been left in any doubt as to what were the material allegations.

5. INSTRUCTION: burden of proof.

Plaintiff's petition was in two counts, and it is contended that it might recover if it established either. This is fundamentally correct; but in this case defendant's liability was predicated on a single theory, and this was fairly submitted to the jury.

The trial court instructed that if the jury found the fire was set out by one of defendant's engines, which finally destroyed the insured property, then the presumption arose that defendant was guilty of negligence, and, in order to avoid liability, the burden was on defendant to overcome this presumption by negativing every fact which would justify a finding of negligence on its part. And in another instruction this same thought was practically repeated. The burden of overcoming this presumption of negligence was thus cast upon defendant, and the jury was clearly instructed that, unless defendant overcame this presumption, and met the burden, it was liable; and, if liable, that the measure of its responsibility was fixed at the amount plaintiff paid the insured, Nichols, with six per cent. interest from the time

of payment.   This eliminated all collateral matters, and introduced nothing which plaintiff was not required to prove in order to recover on either count of its petition.

V.   After instructing as above with reference to presumptions, the trial court said in another instruction that, even though defendant's engines set out the fire, yet there could be no recovery unless the jury further found that the sparks escaped or were thrown from the locomotive through some negligence of the defendant either in failing to keep the locomotive in good order, etc.   Taken in connection with the other instructions, there was no error here.   Defendant's liability is bottomed on negligence.   True, presumptions arose aiding plaintiff's case, or shifting the burden to the defendant, but, after all, negligence must be shown by presumption or otherwise before there is any liability.   One instruction related to the ground of ultimate liability, and the other to presumptions and the burden of proof, and there is no conflict between them, when considered together, as all instructions should be.   *Greenfield v. R. R. Co.,* 83 Iowa, 270 ; *Hemmi v. R. R. Co.,* 102 Iowa, 25 ; *Perpetual Co. v. Guarantee Co.,* 118 Iowa, 729 ; *Coine v. R. R. Co.,* 123 Iowa, 458.

6. INSTRUCTION: negligence.

VI.   In defining negligence the court said:   " Negligence is a failure to exercise that degree of care and diligence that an ordinarily prudent person would exercise in his own affairs under like or similar circumstances."   It is said that this does not cover acts of commission as well as omission, and that in this respect it is faulty and misleading.   But we think it covers both. Failure to exercise care and diligence that an ordinarily prudent person would involves either or both.   *Shultz v. Griffith,* 103 Iowa, 150, is not in point.

7. NEGLIGENCE.

VII.   Our fire statute does not make a railway company absolutely liable for fires set out by it.   Ordinary and reasonable care on the part of the company is all that is required.   There is no unvarying standard of ordinary care.

Everything depends upon the circumstances and surround-
ings of the case. This thought was submitted

8. INSTRUCTION:
escape of fire;
appliances.

to the jury under proper instructions. It is
generally held that ordinary care on the
part of a railway company demands the use of the best
known and most appropriate appliances for preventing the
escape of fire, and the jury in the present case was instructed
that defendant must have had the best appliances for pre-
venting the setting out of fires, and that its engines were
properly handled. In another instruction the trial court used
the words "appropriate appliances." This term had refer-
ence to the kind of appliance which the jury had theretofore
been told the defendant was required to keep. None other
would be appropriate in view of the former instruction, and
there was no error here.

VIII. Instruction 7 given by the court read as fol-
lows: "If you find by a preponderance of the evidence that
the fire was started by sparks emitted and thrown from one

9. SAME.

of defendant's engines while being operated on
defendant's railroad, the defendant will be lia-
ble, unless you further find that at that time it had in use
on said engine the best appliances for the preventing of the
setting out of fires, and that the said engine was at the time
properly handled." This is criticised because it omits de-
fendant's duty to keep its engines in repair. This instruction
does not attempt to cover the whole case, and, so far as it
went, was correct. Moreover, it will be noticed that the in-
struction says that defendant at the time the engineer set out
the fire must have "had in use on said engine the best appli-
ances for the preventing of the setting out of fires." If it
did not at that very time have them on that particular engine,
then defendant was, according to the instruction, negligent.
This necessarily involves the thought that they were then in
repair, otherwise they would not be in use. Moreover, in
other instructions this point, as well as the condition of the

right of way, etc., was expressly covered, and the jury could not have been misled.

Other instructions are complained of as being contradictory and misleading. Taking them as a whole, we find no such conflict as counsel think they see. When construed together, as they should be, we think they fairly presented the issues to the jury. Reading some of them alone and apart from others, we might find error, but, taken as a whole, they fully and fairly presented the exact matters for decision. *Faust v. Hosford,* 119 Iowa, 97; *State v. Urie,* 101 Iowa, 411; *Martin v. Murphy,* 85 Iowa, 669.

10. INSTRUC-
TIONS: con-
struction of.

Appellant seems to confuse the degree of care required of a railway with reference to the setting out of fires with the evidence necessary to establish it. Ordinary and reasonable care is all that is required. But as its engines contain fire, which is always a dangerous element, it must use the best known and most approved appliances for confining it. In other words, the care must be proportioned to the danger. The eleventh instruction complained of by appellant holds defendant to the exercise of ordinary and reasonable care, and the seventh required the equipment of the engine with the " best appliances," and the eighth with " appropriate appliances." We find no prejudicial error in the instructions given.

IX. As to the instructions asked by the plaintiff and refused, we find that such as embodied correct propositions of law were in fact given, although not perhaps in the exact language of the request. The only doubtful question in the case is the instruction to the effect that the burden was upon plaintiff to establish the material allegations of its petition. There are no express allegations of negligence in the petition. All that is charged is the setting out of the fire by an engine during the prevalance of a high windstorm, and while structures along the right of way were in a dry and inflammable state. In other instructions the jury were clearly

and explicitly directed that, if the fire was set out by one of defendant's engines, the burden of proof was upon the defendant to overcome the presumption of negligence arising therefrom. All that the instruction complained of did was to require proof on the part of the plaintiff that the engine did set out the fire. This, of course, was correct. There was, as we think, no prejudicial error in the instruction given or in the refusal to give those asked. *Coine v. R. R. Co.,* 123 Iowa, 458; *Perpetual Co. v. Guarantee Co., supra.*

X. Lastly, it is argued that the verdict is without support in the evidence. The case was peculiarly for a jury, and with its finding we are not disposed to interfere. It was for the jury to say whether or not defendant's engine set out the fire, and, if it did, whether or not defendant had met the *prima facie* case of negligence made out against it. There was a conflict in the evidence on these propositions, and in such cases we do not, in the absence of some showing of passion or prejudice, interfere. There is no such showing here.

No prejudicial error appears, and the judgment must be and it is *affirmed.*