FRANK M. ARNOLD, *Appellant*, v. THE ATCHISON, TO-PEKA & SANTA FE RAILWAY COMPANY, *Appellee*.

No. 16,228.

SYLLABUS BY THE COURT.

RAILROADS—*Mistake in Ticket Sold—Refusal of Passenger to Pay Another Fare—Ejection—Damages.* A passenger was sold a ticket by a railway company for which he paid full fare and on which was printed, "One continuous passage commencing within one day from date on back hereof. Madison to Kansas City. Void unless officially dated," but the agent of the company by mistake perforated the ticket with a date prior to the purchase. The ticket was accepted by the first conductor to whom it was presented, but the second conductor, observing the expired date, rejected the ticket, and the passenger, declining to pay another fare, was compelled to leave the train some distance from the station, when he walked back, boarded another train, paid an additional fare and completed his journey. The passenger brought an action to recover damages for the loss and injury sustained, and produced testimony tending to prove the recited facts. *Held,* that the ruling of the court sustaining a demurrer to his evidence was erroneous; that the error in perforating the ticket was the fault of the railway company; that the passenger, having paid his fare, was entitled to a ride to his destination; that he was entitled to damages for the extra fare he was required to pay and any actual loss arising from the refusal of the ride for which he had paid and from being compelled to leave the train. *Held,* further, that he could not enhance his damages by resisting the order of the conductor to leave the train, nor because of the force used in ejecting him by reason of his refusal to obey the order.

Appeal from Clark district court; GORDON L. FINLEY, judge. Opinion filed December 11, 1909. Reversed.

*James S. Botsford, B. F. Deatherage, Goodwin Creason, Charles L. Botsford, H. J. Bone,* and *W. W. Harvey,* for the appellant.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was based on the re-
fusal of the Atchison, Topeka & Santa Fe Railway Com-
pany to accept as fare a ticket which it had sold to
Frank M. Arnold, and also for ejecting him from a
train at a place some distance from the station at which
he had entered the train. It appears that on July 29,
1906, Arnold purchased a ticket from the agent of the
railway company at Madison for passage from that
point to Kansas City, for which he paid full fare, $3.75.
The ticket was of the card, or token, variety, contain-
ing the name of the company and the words, "One con-
tinuous passage commencing within one day from date
on back hereof. Madison to Kansas City. Void unless
officially dated," and on it was the printed signature of
the general passenger agent. The agent at Madison,
perforated the ticket "July 20, 1906," instead of July
29, 1906, and handed it to Arnold. He boarded the
branch train at Madison, presented the ticket to the
conductor, who accepted and punched it for Emporia,
the end of the run. There Arnold boarded a main-line
train bound for Kansas City, and when the ticket was
presented to the conductor on that train he pronounced
it not good and stated that unless Arnold paid another
fare he must leave the train. Arnold insisted that the
ticket had been sold to him by the agent of the company
about an hour before and refused to pay additional fare
or to leave the train. The conductor called the porter
and compelled Arnold to leave the train about a mile
and a half from the station at Emporia, and at a place
where there was no station or siding. He started to
walk back to the station, but before reaching it met
and boarded another train of the company going to
Kansas City, which carried him to his destination for
an extra fare of $3.45. After the reception of evidence
tending to show the facts recited the railway company
filed a demurrer challenging the sufficiency of the tes-

26—81 KAN.

timony offered in behalf of Arnold, which the court sustained.

Arnold had paid his fare and was entitled to a ride on the train to Kansas City. The defective ticket was sold to him by the railway company and the error in perforating the ticket was the fault of the company. He was compelled to pay another fare to secure the ride for which he had already paid. No reason is seen why he should not recover this loss, and also for any actual loss sustained in being compelled to leave that train and secure a ride on another. Of course, he could not enhance his damages by resisting the order of the conductor to leave the train, nor because of the force used in ejecting him, which he had invited. The conductor necessarily has full control of the train. The convenience and the safety of the traveling public, as well as the interests of the railway company, require that his decision as to the validity of tickets and his authority in enforcing the rules of the company should be respected by passengers. When Arnold presented the ticket with the erroneous date and failed to satisfy the conductor by explanations that he was entitled to ride, no other alternative remained except to submit to the order of the conductor—either to pay another fare or peaceably leave the train and rely upon his remedy in damages which the law provides for the loss and injury sustained. It is true, as the railway company contends, that as between the conductor and the passenger the conductor was acting within the line of duty in refusing the wrongly dated ticket, but Arnold is not suing the conductor nor relying alone upon the refusal of the conductor to accept his ticket. The action is against the railway company, which negligently issued the defective ticket and then refused him the ride for which he had paid. The loss was occasioned by the neglect and wrong of the railway company, and as the evidence warranted a recovery of more than nominal damages for such loss the demurrer to the evidence should not have been sustained.

Arnold v. Railway Co.

The contention as to whether Arnold was seeking a recovery of damages resulting from a violation of a contract or because of the tortious acts of the railway company is not a material question at this time. All the facts relating to the purchase of the ticket, the refusal to honor it and the circumstances connected with the denial of his right to ride, as well as his ejection from the train, were pleaded. The petition stated a good cause of action for damages arising on the breach of the contract, and it contained averments charging tortious conduct on the part of the railway company, but did not specifically state on which basis the action was brought. This was not necessary.

"Under our code a plaintiff is not required to state whether his cause of action is founded upon contract, or on tort; and generally, if he should make such a statement, and be mistaken, the statement would be immaterial. All that a plaintiff is now required to do is to 'state the facts' constituting his 'cause of action, in ordinary and concise language, and without repetition.' These facts may sometimes constitute both a cause of action on contract, and a cause of action on tort, or two or more of either; and then, if the reliefs for the two or more causes of action are inconsistent, the plaintiff would be required to elect which of the same he would take, and in no case could the plaintiff have a double relief for substantially the same thing. But if the facts of the two or more causes of action are the same, and if the reliefs are the same, and if the plaintiff does not ask for double relief, but only for the single relief which either cause of action would give him, then there can be no good reason given why the plaintiff should be required to elect as to which relief he would take, or whether he would call his action an action on contract or for tort." (*Akin v. Davis,* 11 Kan. 580, 590.)

If in the course of the trial it becomes important to determine the theory on which the action is prosecuted the plaintiff may upon motion be required to elect. No such motion was made, and hence no question as to the form of the action is open for present consideration.

The judgment of the district court is reversed and the cause remanded for a new trial.