## ATCHISON, T. & S. F. RY. CO. v. VOSBURG.

No. 18266.   Opinion Filed June 26, 1928.

Rehearing Denied Sept. 18, 1928.

(Syllabus)

1. **Carriers—Wrongful Ejection of Passengers on Account of Misdated Ticket—Measure of Damages.**

Where a party is entitled to ride as a passenger on a railroad passenger train, but whose right is denied by the train conductor because of a misdated ticket issued by the station agent of the railroad company, the passenger is not required to pay an additional fare to the conductor to avoid ejection, and may offer sufficient resistance to denote that he was being removed against his will by compulsion, provided the same be not a criminal disturbance of the peace. And in an action against the railroad company for damages in such case, the passenger is not limited in his recovery as actual damages to a reimbursement for the cash outlay occasioned thereby, but also may recover a further reasonable amount for his injured feelings and humiliation thus wrongfully imposed upon him; and the amount fixed by the verdict of the jury will not be deemed excessive unless it clearly appears from the record that the jury acted from prejudice, partiality, or corruption.

2. **Same—Master and Servant—Recovery of Exemplary Damages Against Railroad for Grossly Wrongful Act of Conductor.**

Where a conductor of a passenger train, engaged in the furtherance of his employer's business, and acting within the scope of his employment, wrongfully ejects a passenger from his master's train in a manner showing the servant to be grossly negligent and indicating a disregard of the rights of the passenger, in an action against the master based thereon, exemplary damages may be allowed against the master irrespective of whether or not the wrongful act of the servant was authorized or ratified.

3. **Trial—Refusal to Give Incorrect Requested Instructions not Error.**

It is not error to refuse to give requested instructions which cannot be given without correction or modification.

Commissioners' Opinion, Division No. 1.

Error from District Court, Woods County; Arthur J. Sutton, Judge.

Action by Horatio L. Vosburg for damages against the Atchison, Topeka & Santa Fe Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Rainey, Flynn, Green & Anderson and M. M. Gibbens, for plaintiff in error.

Chase & King, for defendant in error.

TEEHEE, C.  In the trial of this cause the parties appeared in their reverse order as plaintiff and defendant, and will here be so designated. The plaintiff by a jury verdict recovered a judgment of $716.53 against the defendant under a petition in which plaintiff by appropriate pleadings alleged that he was wrongfully and forcibly ejected from defendant's passenger train on which he was entitled to transportation as a passen-

ger. Of the amount of the judgment, $516.53 was for actual damages and the remaining $200 for exemplary damages.

Defendant first complains of the judgment on the ground that "the verdict of the jury is excessive and was not supported by the evidence." Hereunder counsel for defendant in their brief concede that, as the jury chose to believe plaintiff's narrative of the circumstances on which he predicated his cause of action, plaintiff was entitled to recover his actual expense incurred by reason of his ejection from defendant's train, this being in the sum of $16.53, but challenge the rightfulness of the judgment for the amount above such sum awarded as actual damages as being excessive. This requires our notice of the salient points of plaintiff's proof to determine the question. The evidence inducing the verdict, in substance, was that plaintiff on March 24, 1926, purchased a ticket from defendant's station agent at Cherokee, Okla., which entitled his transportation to Alva, Okla., plaintiff's residence, paying therefor the regular price of $1.38. Defendant's train conductor rejected the ticket because the same, from the date stamped thereon, was more than one day old, the same being as of March 21, 1926, and thus under the defendant's rules and regulations was rendered non-acceptable by the train conductor. The conductor refused plaintiff's explanation of the purchase in that the station agent must have misdated the ticket as it was presented on the day of purchase. Upon being informed by the conductor, plaintiff, not having further ready cash, offered to give the conductor his personal check or other check in his possession to pay the charges to the point of his destination, which were refused on the ground that the conductor was not permitted by defendant's rules and regulations to accept same, and thereupon informed plaintiff that he would have to leave the train at the next station. Plaintiff believing himself entitled to ride on defendant's train, by virtue of his purchase of the ticket, declined to leave the train as requested by the conductor and offered resistance but not to the extent of a breach of the peace, whereupon the conductor forcibly ejected plaintiff by seizing him from behind in an angry manner, booting him with his knee, and shoving plaintiff from defendant's train, and in the act plaintiff fell on his hands and knees to the station platform suffering slight personal injuries, with his feelings wounded and humiliated from the fact of ejection in the presence of several bystanders at the point of the wrongful conduct of the conductor. Plaintiff employed other means in reaching his destination at an expense of $15.15. There was no evidence to show that the plaintiff was at fault in the purchase of the ticket.

Defendant's argument is to the effect that by virtue of section 4902, C. O. S. 1921, it is authorized to promulgate reasonable rules and regulations for the conduct of its business, and may require passengers to conform thereto; that the rule requiring the use of tickets for passage within one day after sale is reasonable; that its train conductor was without discretion to disregard the rule, and enforcement was enjoined upon him as a part of his duties; that upon discovery of the invalidity of his ticket by reason of being misdated, plaintiff either should have paid his fare or left the train as requested; that plaintiff was without right to offer resistance and thus compel his forcible ejection from the train, and could not thereby enhance his damages above his actual loss, no force more than necessary having been resorted to by the conductor in the act of ejection; and that for such reasons the amount awarded as actual damages above the actual loss shown by the evidence and conceded to be allowable was excessive and the result of passion and prejudice on the part of the jury. In support of its theory defendant relies on St. Louis & S. F. R. Co. v. Johnson, 25 Okla. 833, 108 Pac. 378; Kruger v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co., 68 Minn. 445, 71 N. W. 683; Arnold v. Atchison, T. & S. F. Ry. Co., 81 Kan. 400, 105 Pac. 541; Olson v. Northern Pac. Ry. Co., 49 Wash. 626, 96 Pac. 150. We do not agree with defendant that these cases are controlling in the circumstances of the case at bar.

In St. Louis & S. F. R. Co. v. Yount, 30 Okla. 371, 120 Pac. 627, by paragraph 3 of the syllabus, it was held:

"In an action for damages from being wrongfully expelled from a passenger train, where the passenger is without fault, and where recovery is warranted by the evidence, he may recover a reasonable amount for insult, injured feelings, and humiliation, in connection with the actual expense incurred by the delay, although the conductor who ejected him used no force or violence, and was without fault in the premises."

In Coine v. Chicago & N. W. Ry. Co., 123 Iowa, 458, 99 N. W. 134, it is said:

"Indignity, humiliation, wounded pride and mental pain are elements of damage for which a recovery may be had by a passenger wrongfully ejected from a train."

In Ellsworth v. Chicago, Burlington & Quincy R. Co., 95 Iowa, 98, 63 N. W. 584, 29 L. R. A. 173, the court said:

"Plaintiff's ticket was apparently good on its face. It should have entitled him to one first-class passage from Prescott to Corning. The fact rendering it not good was a rule of the company as to the time in which it could be used. These rules are changeable at the pleasure of the company, and when a ticket is purchased from one station to another, and on its face it indicates a right to that passage, no rule or regulation of the company should be permitted to defeat that right. A passenger has a right to assume that an agent placed at a station will observe the rules with reference to such matters as dates in or on a ticket. What may be the rule today may not be tomorrow. Conceding plaintiff to have known of the rule previously he was not called upon to question the act of the agent as to the rule on the day he bought the ticket. It is neither reasonable nor practicable for passengers to take notice of such matters, or attempt to correct agents in regard to them."

In Kansas City, Memphis & Birmingham Ry. Co. v. Riley, 68 Miss. 765, 9 S. 433, 24 Am. S. R. 309, 13 L. R. A. 38, the syllabus is as follows:

"Where one purchases a round-trip ticket, and the outgoing conductor, by mistake, takes up the wrong end of it, the passenger is nevertheless entitled to transportation on the ticket left in his hands. If the return conductor refuses to accept this, and, ignoring explanation, ejects him for want of a proper ticket, the railroad company is liable therefor in damages.

"The holder of the ticket under such circumstances, giving a reasonable explanation of the mistake, is entitled to be carried according to the real contract; and any regulation of the carrier making the ticket the only evidence and authorizing the conductor to disregard such explanation, is unreasonable and will not justify expelling the passenger."

In St. Louis, I. M. & S. R. Co. v. Beaty, 88 Ark. 282, 114 S. W. 218, it was held:

"A railroad company is responsible to a passenger improperly expelled from its train on account of a mistake on the face of his ticket which was due to the negligence of the agent who issued it."

New York, Lake Erie Western R. Co. v. Winter, 143 U. S. 60, 12 Sup. Ct. Rep. 356, 36 L. Ed. 71, was a case wherein due to the fault of another servant of the railroad company, the conductor refused the ticket presented by a passenger, and demanded full fare, which the passenger refused to pay, whereupon he was ejected, the conductor resorting to such force as was necessary. The court held as follows:

"That he (the passenger) was rightfully on the train at the time of his expulsion; that the conductor had no right to put him off for not paying his fare; that the company was liable for the act of the conductor; that the passenger had a right to refuse to be ejected from the train and to make a sufficient resistance to being put off to denote that he was being removed against his will by compulsion; that the fact that under such circumstances he was put off the train was, of itself, a good cause of action against the company, irrespective of any physical injury he might have then received, or which was caused thereby."

For further authorities of like tenor, see under 5 R. C. L. 125, par. 754, and at page 137, par. 763; 10 C. J. 744, sec. 1183.

Under the foregoing authorities, we think the principle here controlling and to be applied in the circumstances of the case is that where a party is entitled to ride as a passenger on a railroad passenger train, but whose right is denied by the train conductor because of a misdated ticket issued by the station agent of the railroad company, the passenger is not required to pay an additional fare to the conductor to avoid ejection, and may offer sufficient resistance to denote that he was being removed against his will by compulsion, provided the same be not a criminal disturbance of the peace. And in an action against the railroad company for damages in such case, the passenger is not limited in his recovery as actual damages to a reimbursement for the cash outlay occasioned thereby, but also may recover a further reasonable amount for his injured feelings and humiliation thus wrongfully imposed upon him.

In Illinois C. R. Co. v. Allbright, 54 Ind. App. 203, 100 N. E. 885, it is said:

"The question of the amount of damages that a passenger is entitled to for wrongful expulsion from a train must of necessity be left to the court or jury trying the cause, and the amount fixed by the verdict of a jury will not be deemed excessive unless it appears that such jury acted from prejudice, partiality or corruption."

In the cause at bar, in the light of the record, we cannot say that the award of actual damages in the amount fixed was induced by prejudice, or partiality as contended by defendant, and therefore we would not be warranted in interfering with the verdict as rendered by the jury.

Defendant states its next proposition as follows:

"The question of exemplary damages should not have been submitted to the jury because there was no evidence introduced showing either that the defendant's ticket clerk or its conductor was guilty of oppression, fraud or malice, actual or presumed."

Hereunder, defendant contends that there was no evidence sufficient to authorize the submission of the question of exemplary damages to the jury, and that there was no proof to show that the defendant authorized or ratified the act of the conductor. As already pointed out there was evidence in the record to the effect that the conductor had seized the plaintiff from behind in an angry manner and booted him in shoving him from defendant's train, from which act of ejection from the train, plaintiff fell to the station platform, on his hands and knees suffering some slight personal injuries. The rule is well settled that where ejection of a passenger may be rightfully exercised only such force is permitted as would be sufficient to accomplish the duty of the conductor. It is also the rule that "exemplary damages can be awarded only in cases where the defendant is actuated by fraud or malice or is guilty of such gross negligence as indicates a reckless disregard for the rights of others." Chicago, R. I. & P. Ry. Co. v. Wells, 56 Okla. 599, 156 Pac. 324; St. Louis, I. M &. S. Ry. Co. v. Freeland, 39 Okla. 60, 134 Pac. 47. We think the evidence upon this point was sufficient to submit to the jury for their consideration to determine whether or not the manner of ejection constituted such gross negligence as would indicate a reckless disregard for the rights of the plaintiff as a passenger. It could hardly be said that the manner of ejection, even assuming that the conductor was exercising a right committed to him by the defendant in the circumstances, was being exercised in a reasonable and prudent manner and with that care which would avoid probable serious injuries to the plaintiff. Nor do we think it material whether or not the proof showed that the train conductor was retained by defendant after the occurrence complained of by plaintiff though there was evidence showing that a report of the ejection was made to the defendant by both the conductor and the brakeman as well as a statement thereof given by plaintiff at the request of the defendant railroad company. There is, of course, authority to the effect that to warrant the submission of the question of exemplary damages to the jury there must be some evidence of authorization or ratification of the wrongful acts of the conductor, as contended by defendant, but we think the correct rule to be as declared in Southern Pac. Ry. Co. v. Boyce, 26 Ariz. 162, 223 Pac. 116, where it was held:

"In an action for personal injuries, alleged result of plaintiff being ejected from defendant's passenger train, where plaintiff showed that his ejection was not merely unlawful but wanton and malicious and in disregard of his rights as a passenger, as affecting the question of punitive damages it was immaterial that defendant did not authorize or ratify the acts of its conductor.

"If a servant is engaged in the furtherance of his employer's business and acting within the scope of his employment, punitive damages for injury due to his malicious and wanton acts may be allowed against employer."

Many authorities are there cited in support of the principles thus laid down. We are of the opinion, therefore, that where a conductor of a passenger train, engaged in the furtherance of his employer's business and acting within the scope of his employment wrongfully ejects a passenger from his master's train in a manner showing the servant to be grossly negligent and indicating a disregard of the rights of the passenger, in an action against the master based thereon exemplary damages may be allowed against the master irrespective of whether or not the wrongful act of the servant was authorized or ratified.

Defendant's last proposition is stated as follows:

"The court erred in the giving and refusal of instructions and in overruling defendant's motion for a new trial."

The point urged thereunder is that the court erred in giving certain instructions and the refusal of certain requested instructions. We have carefully examined both the instructions complained of and those refused. The instructions given in some respects favored defendant more than it was entitled to under the record. They, however, in the main were substantially in conformity with the principles which we have held to be controlling of the case as laid down by the authorities heretofore cited in support of the conclusions reached under the first and second propositions and fully covered the material points involved. The requested instructions refused were in such form that they required correction or modification if given, for which reason this ground of challenge is without basis. Rose v. Beller, 106 Okla. 143, 233 Pac. 454.

For the foregoing reasons, the judgment of the district court is affirmed.

BENNETT, HERR, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 10 C. J. p. 744, §1183; p. 749, §1187; p. 768, §1206; p. 772, §1209; anno. 43 L. R. A. 707; 14 L. R. A. (N. S.) 464; 34 L. R. A. (N. S.) 283, L.

R. A. 1918D, 1032; 5 R. C. L. p. 126; 1 R C. L. Supp. p. 1328; 6 R. C. L. Supp. p. 294. (2) 10 C. J. p. 773; §1210; anno. 17 L. R. A. (N. S.) 344; 5 R. C. L. p. 151; 6 R. C. L. Supp. p. 295. (3) 38 Cyc. p. 1707.